IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

RODNEY G. SHEPARD,

                Plaintiff

    VS.

OFFICER CHAVEZ, *et al.*,

                Defendants

NO. 3:06-CV-23 (CDL)

**PROCEEDINGS UNDER 42 U.S.C. §1983
BEFORE THE U. S. MAGISTRATE JUDGE**

# RECOMMENDATION

On October 11, 2006, the defendants in the above-styled case filed a motion seeking summary judgment against plaintiff RODNEY G. SHEPARD. Tab #25. The following day, the undersigned issued an order directing plaintiff to file a response to the defendants' motion. Tab #26. Having been given more than an ample time to respond, Plaintiff has failed to do so.

Although plaintiff has not filed a response to the defendants' motion, it is still the responsibility of the court to ensure that the defendants have met the summary judgment standard and that there are no unanswered issues of fact to be determined before the court can grant judgment.

**SUMMARY JUDGMENT STANDARD**

As previously indicated to the plaintiff in the court's notice (Tab #26), Rule 56(c) of the Federal Rules of Civil Procedure dealing with motions for summary judgment provides as follows:

> *The motion shall be served at least 10 days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.*

Summary judgment can only be granted if there are <u>no</u> genuine issues of material fact and if the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); ***Warrior Tombigbee Transportation Co. v. M/V Nan Fung***, 695 F.2d 1294, 1296 (11th Cir. 1983). While the evidence and all factual inferences therefrom must be viewed by the court in the light most favorable to the party opposing the motion, the party opposing the granting of the motion for summary judgment <u>cannot rest on his pleadings</u> to present an issue of fact but <u>must make a response</u> to the motion by filing affidavits, depositions, or otherwise in order to persuade the court that there are material facts which exist in the case which must be presented to a jury for resolution. ***See Van T. Junkins & Assoc. v. U.S. Industries, Inc.***, 736 F.2d 656, 658 (11th Cir.1984).

**DISCUSSION**

The plaintiff has failed to respond to the defendants' motion for summary judgment despite specific direction from the court to do so. Accordingly, based upon the defendants' motion and the other records provided, this court finds the facts as set forth by the defendants in defendant's motion and other pleadings and further finds that there is no genuine dispute on any issues raised by plaintiff.

Plaintiff filed suit alleging that the defendant police officers unlawfully arrested and falsely imprisoned him. The defendants have shown that plaintiff pled guilty to the crimes for which he was arrested and detained. Plaintiff's claims are therefore barred by ***Heck v. Humphrey***, 114 S.Ct. 2364 (1994), which makes clear that when success on a §1983 claim would necessarily invalidate a criminal charge or conviction, a plaintiff must first obtain a favorable resolution to the criminal proceedings.

Since plaintiff pled guilty to the crimes for which he was arrested and detained, and his convictions have not been overturned or set aside, his claims herein are barred by *Heck*. Accordingly, IT IS RECOMMENDED that the defendants' UNCONTESTED motion for summary judgment (Tab #25) be GRANTED.

Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned **WITHIN TEN (10) DAYS** after being served with a copy thereof.

SO RECOMMENDED this 8th day of MAY, 2007.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE